# In the United States Court of Federal Claims

No. 26-506
(Filed: August 10, 2026)
(Reissued: August 17, 2026)[1]

* * * * * * * * * * * * * * * * * * * * * * * * * * *

SEABEE CONSTRUCTION, INC.,

*Plaintiff*,

v.

THE UNITED STATES,

*Defendant*,

and

ALPINE CONSTRUCTION MANAGEMENT, LLC,

*Defendant-Intervenor*.

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Pending in this bid protest is Seabee Construction, Inc.'s ("Seabee") motion for an injunction pending appeal (ECF No. 44). Pursuant to Rule 62(d) of the Rules of the United States Court of Federal Claims, Seabee asks the court to enjoin further performance of the contract at issue in this bid protest while the United States Court of Appeals for the Federal Circuit decides the merits of Seabee's appeal. We directed an expedited response from the government and from Alpine Construction Management, LLC ("ACM"). They both oppose Seabee's motion. The matter is fully briefed, and we deem oral argument to be unnecessary. For the reasons that follow, we deny Seabee's motion for an injunction pending appeal.

---

[1] This order was initially filed under seal to afford the parties an opportunity to propose appropriate redactions. The parties represented that they had no redactions. This order thus appears in full.

At the outset, we emphasize that "[i]njunctive relief is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Swift & Staley Inc. v. United States*, 159 Fed. Cl. 731, 733 (2022) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). In deciding whether to grant such extraordinary relief, we look to the usual four factors to guide the exercise of our discretion: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Standard Havens Prods. v. Gencor Indus.*, 897 F.2d 511, 512 (Fed. Cir. 1990) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

We need not give each factor equal weight. *Id.* "Rather, the factors are analyzed using a flexible approach and do not serve as a set of rigid rules." *Swift & Stanley Inc.*, 159 Fed. Cl. at 734 (citing *Alt. Carbon Res., LLC v. United States*, 138 Fed. Cl. 548, 556 (2018)). As Seabee correctly points out, this leaves room for leniency in the application of the first factor—and for good reason. As the court in *Swift and Stanley Inc.* aptly stated:

> A movant seeking an injunction pending appeal has the daunting task of convincing a court, having just ruled against the movant, that the movant is likely to succeed on the merits of its claim on appeal. Likewise, a court would have difficulty finding that a movant is likely to succeed on its appeal without contradicting the court's own prior opinion. Thus, requiring a movant to make a strong showing that it is likely to succeed on the merits of its appeal all but predetermines the outcome of a motion for an injunction pending appeal.

*Id.*

Case in point: Seabee, asserting the same merits arguments that we addressed and rejected in our prior opinion issued on July 2, 2026, is unlikely to—and indeed has not managed to—convince the court that our prior decision was likely wrong, i.e., we determine that Seabee has not made a strong showing that it is likely to succeed on the merits on appeal for the same reasons that we rejected Seabee's merits arguments in the first instance. Thus, if the first factor had to be applied woodenly, Seabee's request for an injunction would necessarily fail on that factor. However, under the "flexible approach, when the harm to a movant is great enough, the court will not

require 'a strong showing' that the movant is 'likely to succeed on the merits.'" *Id.* (quoting *Standard Havens*, 897 F.2d at 513). Thus, "[w]hen a movant is unable to establish a likelihood of success on the merits, it *may be enough* for the court to grant an injunction if the movant demonstrates that it has a 'substantial case on the merits' *and that the other factors tilt decidedly in favor of the movant*." *Id.* (emphasis added) (citing *Hilton*, 481 U.S. at 778).

"An issue constitutes a 'substantial case on the merits' if it is sufficiently difficult to make it fair grounds for litigation." *Id.* (citing *Standard Havens*, 897 F.2d at 513). Seabee understandably devotes the majority of its motion to the first factor. In our ruling in favor of the government and ACM, we did not view the matter as particularly close.[2]

Although not binding, we draw some assurance from the prior decision in this protest of the Government Accountability Office ('GAO"). The analysis of GAO aligns with our thinking:

> Based on our review of the record, the solicitation did not contain definitive responsibility criteria. First, the solicitation provides that the award will be based on price. IFB at 15. Second, while the solicitation included certain experience requirements for some of the work to be performed, nothing in the solicitation required bidders to demonstrate that they possessed such experience when they submitted their bids or otherwise establish their qualifications to be eligible for award. Rather, the experience requirements were included in the solicitation's performance specifications; they were not part of the evaluation criteria. *See* Protest, exh. 3, Bid Documents Specifications. Thus, the provisions in question here are not definitive responsibility criteria. *See ARI Phoenix, Inc.,* B-416878, Oct. 24, 2018, 2018 CPD ¶ 363 at 3 (language included in description of requirement, and not in evaluation criteria, is

[2] To the extent Seabee attempts to place weight on the way we questioned the parties at oral argument (and the substance of those questions), it is helpful to remember that "[a] court speaks through its written orders." *United States v. Coccia*, 598 F.3d 293, 296 (6th Cir. 2010). We thus put no weight on Seabee's suggestion that our attempt to elicit the government's position on Seabee's merits arguments somehow "suggest the Court's struggle with and recognition of problems" that Seabee alleges tainted the solicitation at issue. Pl.'s Mot. Prelim. Inj. 7–8.

> not definitive responsibility criteria); *Johnson Controls, Inc.*, B-200466, Feb. 20, 1981, 81-1 CPD ¶ 120 at 2-3 (performance specification requiring repair and maintenance services be provided by certified manufacturer's representative does not constitute definitive responsibility criterion). Given this, whether Alpine performs under the contract with employees possessing the appropriate experience is a matter of contract administration which we do not review. 4 C.F.R. § 21.5(a); *see ARI Phoenix, Inc.*, *supra* at 3.

*Seebea Constr., Inc.*, B-424050 (Comp. Gen. Feb. 2, 2026); *see also Seabee Constr., Inc. v. United States*, No. 26-506C, 2026 WL 1956909, *8-9 (Fed. Cl. June 24, 2026) (holding similarly that the installer requirements were not a matter of bidder responsibility). In short, there is nothing in the issues on appeal which warrants characterizing this as a "substantial case on the merits."

Even assuming, however, that Seabee has demonstrated a substantial case on the merits, such a showing is only sufficient to warrant injunctive relief if "the other injunctive relief factors tilt *decidedly* in its favor." *Swift & Staley Inc.*, 159 Fed. Cl. at 735 (citing *RLB Contracting, Inc. v. United States*, 120 Fed. Cl. 681, 682 (2015)). As we explain below, the rest of the factors do not tilt decidedly in Seabee's favor.

Under the second factor, Seabee must show "that without a preliminary injunction it will suffer irreparable harm before a decision can be rendered on the merits." *Akal Sec., Inc. v. United States*, 87 Fed. Cl. 311, 319 (2009) (citing *Heritage of Am., LLC v. United States*, 77 Fed. Cl. 66, 78 (2007)). "The mere loss of money is not irreparable harm so long as the litigant can be made whole through money damages." *Id.* (citing *Heritage of Am.*, 77 Fed. Cl. at 78). Because lost profits are not recoverable from the government in bid protest actions, however, "[t]he opportunity to compete for a contract and secure any resulting profit has been recognized to constitute significant harm." *United Int'l Investigative Servs., Inc. v. United States*, 41 Fed. Cl. 312, 323 (1998). Thus, as this court has stated, "[t]he relevant inquiry . . . is whether [the movant] has an adequate remedy in the absence of an injunction." *Am. Corr. Healthcare, Inc. v. United States*, 137 Fed. Cl. 395, 421 (2018) (alteration in original) (quoting *Magellan Corp. v. United States*, 27 Fed. Cl. 446, 447 (1993)). Here, while obviously facing the prospect of economic harm, Seabee also faces a legitimate risk that, by the time it would hypothetically prevail on appeal, the underlying substance of

the contract would have already been either completed or substantially completed because ACM has already resumed performance and the government has given every indication that time is of the essence for performance of the contract.

The gravitas of this second factor in this instance is muted, however, as intervenor points out. There is no assertion that the loss of this particular contract will have any enduring effect on plaintiff's business. Competition for limited procurements inevitably means one or more bidders are unsuccessful. Therefore, Seabee has established that the second factor offers some reason to favor granting injunctive relief.

The third factor to consider is whether issuance of the stay will substantially injure the other parties interested in the proceeding. We will ignore intervenor ACM's concerns, as they are the analog of Seabee's in that respect. The primary concern, in our view, is that of the government, which is attempting to maintain the needed number of burial spaces at Snake River Canyon National Cemetery in Buhl, Idaho. The project at issue involves building an extension to the existing cemetery. In response to the request for an injunction pending appeal, defendant has offered a second affidavit from Dimasalang Junio, Deputy Director of Design and Construction of the National Cemetery Administration. There is more than one type of burial facility at the cemetery, but the one that triggers the most concern is the anticipated depletion of above ground columbarium niches. The available niches are anticipated to run out in June 2028. In order to avoid running out of niches, construction on the additional units obviously will need to commence and be completed before then. The anticipated period to construct is one year. But, as Mr. Junio explains, there have been over 260 days of delay triggered by the appeal here and the prior challenge at the GAO. In addition, the reliable construction season at Buhl is April through October or November, less than a full twelve months period. We do not know how long an appeal would take to conclude, but nine to twelve months is not unrealistic. There is a meaningful hazard, in other words, that the construction would not be completed in time if it was suspended at this point.

In addition, because ACM has already commenced performance, there would be costs to the agency in ordering it to cease working pending appeal. In sum, the hazard to completion of the project is real, and we take it seriously. The third factor thus weighs heavily against entering an injunction.

Lastly, we must consider whether granting Seabee's request for an injunction will further the public interest. We view the public interest in maintaining adequate cemetery space for Veterans as very high. If we view only the more traditional public concerns with respect to procurement integrity, however, we concede, as Seabee correctly notes, that there is a public interest in "ensuring that federal procurements are conducted . . . in accordance with the solicitation, as well as applicable procurement regulations." Pl.'s Mot. Prelim. Inj. 19. However, "the public interest is also served when the court does not interfere in a procurement absent a legally compelling reason to do so." *Akal Sec., Inc.*, 87 Fed. Cl. at 321. In other words, "there is a countervailing public interest in minimizing disruption [to the agency]." *Id.* (alteration in original) (quoting *Heritage of Am.*, 77 Fed. Cl. at 80). Because we have already addressed and rejected the merits of the arguments that form the basis of Seabee's appeal (and thus view the public's interest in ensuring that federal procurements are conducted lawfully as not carrying as much weight as it may in other bid protests), the countervailing interest in not disturbing the agency and instead to allow it to continue serving our veterans and their families, at a minimum, renders the public interest factor neutral.

In sum, Seabee has not made out a substantial case on the merits and the three additional factors do not tilt at all, much less decidedly in Seabee's favor. Accordingly, Seabee's motion for an injunction pending appeal (ECF No. 44) is denied.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge